IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LUSHER SITE REMEDIATION GROUP, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL FIRE INSURANCE COMPANY OF HARTFORD as successor to Transcontinental Insurance Co., TRANSPORTATION INSURANCE CO., CITIZENS INSURANCE CO. OF AMERICA, TRAVELERS INDEMNITY CO., as successor to Gulf Insurance Co., EMPLOYERS INSURANCE CO. OF WAUSAU, OHIO CASUALTY INSURANCE CO., ACE AMERICAN INSURANCE CO., GRANITE STATE INSURANCE CO., ST. PAUL FIRE AND MARINE INSURANCE CO., EVEREST NATIONAL INSURANCE CO., AMERISURE MUTUAL INSURANCE CO., and EVANSTON INSURANCE CO. <br><br> Defendants. | CIVIL CAUSE NO.: 1:18-cv-3785 |

**<u>DEFENDANTS NATIONAL FIRE INSURANCE COMPANY OF HARTFORD AND TRANSPORTATION INSURANCE COMPANY'S NOTICE OF REMOVAL</u>**

**PLEASE TAKE NOTICE THAT** Defendants National Fire Insurance Company of Hartford, as successor to Transcontinental Insurance Co., ("National Fire") and Transportation Insurance Co. ("Transportation") remove this action from the Marion County Superior Commercial Court, State of Indiana, where it is currently pending, to the United States District Court for the Southern District of Indiana, Indianapolis Division. This Notice is submitted pursuant to 28 U.S.C. §§ 1441 and 1446.

As grounds for removal, National Fire and Transportation state as follows:

## I. TIMELINESS OF REMOVAL

1. On or about November 5, 2018, Plaintiff, Lusher Site Remediation Group, ("Group") filed a complaint in the Marion County Superior Commercial Court against National Fire, Transportation and the other defendants. A copy of the complaint is attached as Exhibit A to this notice.

2. The Group served the complaint on: Employers Ins. Co. of Wausau ("Employers") on November 9, 2018; National Fire, Ohio Casualty Insurance Company ("Ohio Casualty"), Everest National Insurance Company ("Everest"), Citizens Insurance Company ("Citizens") and Amerisure Mutual Insurance Company ("Amerisure") on November 13, 2018; on Transportation and Evanston Insurance Company ("Evanston") on November 14, 2018; on ACE Property and Casualty Insurance Company ("ACE") on November 15, 2018; on Granite State Insurance Company ("Granite State") and The Travelers Indemnity Company as successor to Gulf Insurance Company ("Travelers") on November 16, 2018; and on St. Paul Fire and Marine Insurance Company ("St. Paul") on November 27, 2018.

3. In the complaint's initial paragraph and paragraphs 11, 17, ad 43, the Group alleges that Liberty Mutual Insurance Company ("Liberty Mutual") is a defendant from whom it seeks relief although Liberty Mutual is not listed as a defendant in the caption of the complaint. The Marion Superior Court Clerk has not issued a summons to Liberty Mutual and Liberty Mutual has not been served with process.

4. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because fewer than thirty (30) days have passed since any of the Defendants received "through service or

otherwise … a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See* 28 U.S.C. § 1446(b).

## II. JURISDICTIONAL BASIS FOR REMOVAL

5. National Fire and Transportation seek to remove this case to federal court on the basis of complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332.

6. National Fire is an insurance company formed under the laws of the State of Illinois with its principal place of business in Illinois. National Fire is the successor by merger to Transcontinental Insurance Company.

7. Transportation is an insurance company formed under the laws of the State of Illinois with its principal place of business in Illinois.

8. ACE is an insurance company formed under the laws of the Commonwealth of Pennsylvania with its principal place of business in Pennsylvania.

9. Citizens is an insurance company formed under the laws of the State of Michigan with its principal place of business in Massachusetts.

10. Employers is an insurance company formed under the laws of the State of Wisconsin with its principal place of business in Massachusetts.

11. Liberty Mutual is an insurance company formed under the laws of the State of Massachusetts with its principal place of business in Massachusetts.

12. Ohio Casualty is an insurance company formed under the laws of the State of New Hampshire with its principal place of business in Massachusetts.

13. Evanston is a surplus lines insurance company formed under the laws of the State of Illinois with its principal place of business in Illinois.

14. Everest is an insurance company formed under the laws of the State of Delaware with its principal place of business in New Jersey.

15. Granite State is an insurance company formed under the laws of the State of Illinois with its principal place of business in New York.

16. St. Paul Fire is an insurance company formed under the laws of the State of Connecticut with its principal place of business in Connecticut.

17. Travelers is an insurance company formed under the laws of the State of Connecticut with its principal place of business in Connecticut. Travelers is the successor to Gulf Insurance Company ("Gulf").

18. Amerisure is a mutual insurance company formed under the laws of the State of Michigan with its principal place of business in Michigan.

19. The Group consists of the following entities: Anderson Products Inc., B-D Industries, Inc., Elkhart Plating Corp., FFP Holdings, LLC, Gaska Tape Inc., Holland Metal Fab, Inc., and Walerko Tool and Engineering Corp.

20. Anderson Products Inc. is a corporation formed under the laws of the State of Minnesota with its principal place of business in Minnesota.

21. B-D Industries, Inc. is a corporation formed under the laws of the State of Indiana with its principal place of business in Indiana.

22. Elkhart Plating Corp. is a corporation formed under the laws of the State of Indiana with its principal place of business in Indiana.

23. Gaska Tape Inc. is a corporation formed under the laws of the State of Indiana with its principal place of business in Indiana.

24. Holland Metal Fab, Inc. is a corporation formed under the laws of the State of Indiana with its principal place of business in Indiana.

25. Walerko Tool and Engineering Corp. is a corporation formed under the laws of the State of Indiana with its principal place of business in Indiana.

26. FFP Holdings, LLC, was a limited liability company formed under the laws of Ohio. Ohio Decorative Products, LLC was the sole member of FFP Holdings, LLC. The Moeller Family Limited Partnership, LLP was the sole member of Ohio Decorative Products, LLC. The Moeller Family Limited Partnership, LLP is an Ohio limited partnership whose general partners are Candace S. Moeller and Marcia L. Elliott, who are both Ohio residents. FFP Holdings, LLC was merged out of existence on December 31, 2015, with the surviving entity being NFP Holdings, LLC. See Exhibits B and C attached hereto. NFP Holdings, LLC was a limited liability company formed under the laws of Tennessee, but was dissolved pursuant to the provisions of the Tennessee Limited Liability Company Act on May 1, 2017. See Exhibit D attached hereto. The sole member of NFP Holdings, LLC was Ohio Decorative Products, LLC. The sole member of Ohio Decorative Products, LLC was Moeller Family Limited Partnership, LLP, an Ohio limited partnership whose general partners are Candace S. Moeller and Marcia L. Elliott, who are both Ohio residents. FFP Holdings, LLC, now known as NFP Holdings, LLC, no longer exists.

27. Sturgis Iron & Metal Co., Inc. ("Sturgis"), the insured under the insurance policies allegedly issued by the Defendants, was a corporation formed under the laws of the State of Michigan. Sturgis filed a Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court for the Western District of Michigan on April 4, 2008. Pursuant to the terms of the bankruptcy court's confirmation order, Sturgis's assets were liquidated through the vehicle of a

liquidating trust. The Michigan Department of Licensing and Regulatory Affairs dissolved Sturgis on July 15, 2010, pursuant to MCL 450.1922(a), for a failure to make annual reports. Accordingly, Sturgis has no current operations, principal place of business, or real property.

28. There is complete diversity between Group and the Defendants. National Fire and Transportation are entitled to have this cause removed from the Superior Court of Marion County, Indiana to the United States District Court for the Southern District of Indiana, the federal district where the state suit is pending. Therefore, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

### III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

29. The complaint does not demand any specific sum. In the complaint, the Group is seeking a declaratory judgment to determine whether there is coverage under insurance policies issued by the Defendants to Sturgis for claims asserted by the Group against Sturgis in a lawsuit filed in the United States District Court for the Northern District of Indiana, South Bend Division, Cause No. 3:18-cv-00506 ("Underlying Lawsuit").

30. In the Underlying Lawsuit, the Group has asserted claims against Sturgis for money damages under: (a) Section 107(a) of the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a) for costs incurred and to be incurred by the Group in responding to releases of hazardous substance; (b) Indiana's Environmental Legal Action Statute, Code §§ 13-30-9-1 *et seq.* for costs incurred and to be incurred by the Group in responding to the release of hazardous substances, and (c) Indiana common law negligence, trespass, and private nuisance for damages related to the release of hazardous substances.

31. The Group's claims against Sturgis in the Underlying Lawsuit arise out of an area in Elkhart, Indiana that is contaminated with volatile organic compounds as identified by the United States Environmental Protection Agency ("USEPA") and the Indiana Department of Environmental Management ("IDEM"). The area is known as the Lusher Street Superfund Site ("Lusher Site"). The Lusher Site was placed on the "National Priorities List" by the USEPA on March 9, 2008. *See* 40 Fed.reg. 14,719-14,722 (Mr. 19, 2008). The first phase of the investigation and cleanup at the Lusher Site, Operable Unit 1, is the contaminated groundwater. The investigation for Operable Unit 1 was completed in November 2013, and on March 29, 2016, the United States District Court for the Northern District of Indiana approved a Consent Decree finalizing the interim remedy for Operable Unit 1. The Group entered into the Consent Decree with EPA and IDEM. The Consent Decree states:

> The decision by EPA on the remedial action to be implemented at the Site is embodied in an Interim Record of Decision ("ROD"), executed on September 16, 2014, on which the State has given its concurrence. The ROD includes a responsiveness summary to the public comments. Notice of the final plan was published in accordance with Section 117(b) of CERCLA, 42 U.S.C. § 9617(b). The ROD anticipates that construction of the remedy will be substantially completed in one construction season**.** The ROD's cost estimate of $2.8 million will be further refined in the RD in accordance with this CD and its appendices.

The Group has performed and continues to perform the interim remedy for Operable Unit 1. After the completion of the remedy for Operable Unit 1, the second phase of investigation and cleanup, Operable Unit 2, of the source materials for the contaminated groundwater will be undertaken.

32. In the complaint, the Group has also asserted claims under umbrella and excess liability insurance policies allegedly issued by Transportation, Gulf, St. Paul, Everest, and Evanston, all of which attach at $1 million or higher. Because the members of the Group are diverse from Defendants and the amount in controversy, exclusive of interest and costs, exceeds

7

the sum of $75,000.00, this Court has original jurisdiction over the claims pursuant to 28 U.S.C. § 1332.

### IV. CONSENT OF ALL CO-DEFENDANTS

33. All Co-Defendants in this action, Employers, Ohio Casualty, Everest, Citizens, ACE, Granite State, Amerisure, Liberty Mutual, St. Paul and Travelers each join in and consent to this removal notice and will be filing separate joinders in this Notice of Removal shortly after this Notice has been filed.

### V. PAPERS FROM REMOVED ACTION

34. Copies of the State Court Record, consisting of the docket sheet, complaint, appearances, summonses, motion for automatic enlargement of time, and any other documents filed in the action pending in the Marion County Commercial Court are attached as Exhibit E.

### VI. DEFENDANTS' ANSWERS AND DISCLOSURE STATEMENTS

35. National Fire and Transportation have contemporaneously filed their Corporate Disclosure Statements with this Notice of Removal and will file their Answers or other responsive pleadings within seven (7) days of filing this Notice of Removal as allowed under Fed.R.Civ.P. 81(c)(2).

### VII. NOTICE TO PLAINTIFF

36. National Fire and Transportation have served written notice of this filing on counsel for Plaintiff as required by 28 U.S.C. § 1446(d).

### VIII. NOTICE TO STATE COURT WHERE REMOVED ACTION WAS PENDING

37. After the filing of this Notice of Removal, National Fire and Transportation will transmit a copy of this Notice of Removal to the Clerk of the Marion County Commercial Court

as required by 28 U.S.C. § 1446(d).  A copy of the Notice that will be filed with the Clerk of the Superior Court of Marion County, Indiana is attached as Exhibit F.

### IX.  **NON-WAIVER OF DEFENSES**

38. By removing this action from the Marion County Commercial Court, Defendants do not waive any defenses available to them or admit any of the allegations in Plaintiff's complaint.

WHEREFORE, National Fire and Transportation respectfully remove the above-captioned action from the Marion County Commercial Court to the United States District Court for the Southern District of Indiana.

/s/ Katherine L. Shelby
Katherine L. Shelby, Atty. No. 1592-49

*Attorney for Defendants National Fire Insurance Company of Hartford, as successor to Transcontinental Insurance Co. and Transportation Insurance Company*

CANTRELL STRENSKI & MEHRINGER, LLP
150 West Market Street, Suite 800
Indianapolis, Indiana 46204
Telephone:   (317) 352-3500
Facsimile:   (317) 352-3501
Email:        kshelby@csmlawfirm.com

## **CERTIFICATE OF SERVICE**

I certify that on December 3, 2018, I served a true and correct copy of this Notice of Removal via Notice of Electronic Filing, certified mail, return receipt requested and/or regular mail to:

Joanne R. Sommers
Sean M. Hirschten
PLEWS SHADLEY RACHER & BRAUN, LLP
1346 N. Delaware Street
Indianapolis, IN 46202

Thao T. Nguyen
PLEWS SHADLEY RACHER & BRAUN, LLP
53732 Generations Drive
South Bend, IN 46530

*Counsel for Plaintiff Lusher Site Remediation Group*

Philip E. Kalamaros
HUNT SUEDHOFF KALAMAROS, LLP
301 State Street
P.O. Box 46
Saint Joseph, MI 49085-0046

*Counsel for Defendant Employers Insurance. Company of Wausau*


        */s/ Katherine L. Shelby*
        Katherine L. Shelby