# EXHIBIT A

## PLAINTIFF'S COMPLAINT - PLEADING THAT ASSERTS CAUSES OF ACTION

Case 1:18-cv-03785-JRS-DLP Document 1-1 Filed 12/03/18 Page 2 of 12 PageID #: 12

**49D01-1811-PL-044261** Filed: 11/5/2018 4:49 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

Marion Superior Court, Civil Division 1

## *INDIANA COMMERCIAL COURT*

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO: _____ |

LUSHER SITE REMEDIATION )
GROUP )
                          )
       Plaintiff, )
                          )
  v. )
                          )
NATIONAL FIRE INSURANCE )
COMPANY OF HARTFORD as success to )
Transcontinental Insurance Co., )
TRANSPORTATION INSURANCE CO., )
CITIZENS INSURANCE CO. OF AMERICA,)
TRAVELERS INDEMNITY CO., as successor)
to Gulf Insurance Co., EMPLOYERS )
INSURANCE CO. OF WAUSAU, OHIO )
CASUALTY INSURANCE CO., ACE )
AMERICAN INSURANCE CO., GRANITE )
STATE INSURANCE CO., ST. PAUL FIRE )
AND MARINE INSURANCE CO., )
EVEREST NATIONAL INSURANCE CO., )
AMERISURE MUTUAL INSURANCE CO., )
and EVANSTON INSURANCE CO. )
                          )
       Defendants. )

## **COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT**

Plaintiff Lusher Site Remediation Group (the "Group"), for its complaint for damages and declaratory relief against Defendants National Fire Insurance Company of Hartford, as successor to Transcontinental Insurance Co. ("National Fire"), Transportation Insurance Co. ("Transportation"), Citizens Insurance Company of America ("Citizens"), Travelers Indemnity Co., as successor to Gulf Insurance Co. ("Travelers"), Employers Insurance Co. of Wausau ("Employers"),

1

Ohio Casualty Insurance Co. ("Ohio Casualty"), ACE American Insurance Co. ("ACE"), Granite State Insurance Co. ("Granite State"), Liberty Mutual Insurance Co. ("Liberty Mutual"), St. Paul Fire and Marine Insurance Co. ("St. Paul"), Everest National Insurance Co. ("Everest"), Amerisure Mutual Insurance Co. ("Amerisure"), and Evanston Insurance Co. ("Evanston") (collectively, the "Defendant Insurers"), alleges and states:

## I. INTRODUCTION

1. This is an action for damages and declaratory relief concerning environmental liabilities. The Group seeks damages for environmental testing and cleanup costs it has already incurred, and a judgment declaring that the Defendant Insurers have a duty to indemnify their policyholder Sturgis Iron & Metal Co., Inc. ("Sturgis") under comprehensive general liability ("CGL") primary, excess, and umbrella insurance policies against environmental liabilities arising from Sturgis' ownership of and operations at its property in Elkhart, Indiana (the "Sturgis Property").

## II. THE PARTIES

2. The Group consists of the following entities: Anderson Products Inc., B-D Industries, Inc., Elkhart Plating Corp., FFP Holdings, LLC, Gaska Tape Inc., Holland Metal Fab, Inc., and Walerko Tool and Engineering Corp. Anderson Products Inc. is a Minnesota corporation. FFP Holdings, LLC is a limited liability company organized in the State of Ohio. The remaining Group members are Indiana corporations.

3. National Fire is an Illinois insurance company doing business in Indiana.

4. Transportation is an Illinois insurance company doing business in Indiana.

5. Citizens is a Michigan insurance company doing business in Indiana.

6. Travelers is a Connecticut insurance company doing business in Indiana.

7. Employers is a Wisconsin insurance company doing business in Indiana.

8. Ohio Casualty is a New Hampshire insurance company doing business in Indiana.

9. ACE is a Pennsylvania insurance company doing business in Indiana.

10. Granite State is an Illinois insurance company doing business in Indiana.

11. Liberty Mutual is a Massachusetts insurance company doing business in Indiana.

12. St. Paul is a Connecticut insurance company doing business in Indiana.

13. Everest is a New Jersey insurance company doing business in Indiana.

14. Amerisure is a Michigan insurance company doing business in Indiana.

15. Evanston is an Illinois insurance company doing business in Indiana.

### III. JURISDICTION AND VENUE

16. This Court has jurisdiction over the Defendant Insurers under Trial Rules 4.4(A)(1) and (6) because all of the Defendant Insurers do business in Indiana and are insurance companies currently licensed to do business in Indiana.

17. Marion County is a preferred venue for this action because National Fire, Transportation, Citizens, Travelers, Employers, Ohio Casualty, ACE, Granite State, Liberty Mutual, St. Paul, Everest, and Amerisure each have registered agents and their principal Indiana office in Marion County.

### IV. BACKGROUND

A. The Lusher Street Ground Water Contamination Superfund Site

18. The Lusher Site is located in Elkhart, Indiana and occupies approximately 870 acres.

19. The Lusher Site consists of a groundwater plume contaminated with chlorinated volatile organic compounds ("VOCs"), including tetrachloroethene ("PCE"), trichloroethene ("TCE"), chloroform, 1,1-dichloroethane ("DCA"), vinyl chloride, 1,1,1-trichloroethane ("1,1,1-TCA"), 1,1-dichloroethene ("DCE"), and 1,2-DCE. These VOCs were commonly used as industrial solvents.

20. Contamination of the Lusher Site was first identified in the 1980s. The United States Environmental Protection Agency ("EPA") and Elkhart County Health Department oversaw extensive investigation and sampling at the Site which confirmed the presence of PCE and TCE concentrations exceeding EPA Maximum Contaminant Levels ("MCLs") for drinking water.

21. In 1987, EPA conducted a removal action to mitigate immediate threats to human health and the environment posed by groundwater contamination of water wells. The removal action consisted of connecting several homes to a municipal water system and installing filtration systems.

22. Beginning in 2005, the Indiana Department of Environmental Management ("IDEM") performed sampling activities that revealed chlorinated VOC levels at many private wells within the Lusher Site exceeding the MCLs. EPA began its own investigation before listing the Lusher Site on the National Priorities List ("NPL") in 2008.

23. During a 2009 Remedial Investigation ("RI"), EPA investigated potential source facilities and evaluated the extent of the groundwater plume and the potential for vapor intrusion. The RI confirmed that TCE, PCE, 1,1-DCA, and chloroform had a complete vapor intrusion pathway. The distribution of chlorinated VOCs suggested several sources of contamination located in or near the southern two-thirds of the plume area.

24. Due to the complexity of the groundwater contamination and the potential of identifying additional sources for the contamination, EPA is proceeding under a phased approach to the investigation and cleanup of the Lusher Site.

25. Operable unit 1 ("OU1"), the first phase of the investigation and cleanup, is the contaminated groundwater. The investigation for OU1 was completed in November 2013.

26. On March 29, 2016, a court approved a Consent Decree finalizing the interim remedy for OU1. The Consent Decree was entered into by EPA, IDEM, and several current owners of property at the Site (n/k/a the Group). Among other objectives, the parties entered into the Consent Decree to protect public health, welfare, and the environment by the design and implementation of certain response actions at the Lusher Site by the Group. The Group has and continues to perform the interim remedy for OU1.

27. The interim remedy for OU1 includes: (a) connecting a municipal drinking water supply to properties potentially at risk from contaminated groundwater; and (b) installing a vapor intrusion mitigation system at buildings where vapor intrusion from contaminated groundwater poses an unacceptable risk to human health. The interim remedy is ongoing.

28. Operable unit 2 ("OU2"), the second phase of the investigation and cleanup, is the source materials for the contaminated groundwater. OU2 has yet to begin.

B. Sturgis and the Sturgis Property

29. Sturgis was in the business of providing scrap metal and vehicle recycling services. Sturgis purchased, sorted, processed, and sold ferrous and nonferrous scrap metal. Scrap metal is a by-product of the industrial manufacturing process or is recycled from obsolete goods.

30. Sturgis purchased and consolidated four separate parcels within the Lusher Site over a twenty year period. These four parcels make up the Sturgis

Property. The parcels include (a) the main (unnamed) parcel purchased by Sturgis in 1985; (b) the former Godfrey Marine property purchased by an affiliate of Sturgis in 1997 and by Sturgis in 2005; (c) the former Patrick Industries property purchased by Sturgis in 2004; and (d) the former Elkhart Rubber property purchased by Sturgis in 2005. The Sturgis Property occupies approximately thirteen acres within the southern two-thirds of the Lusher Site. Sturgis performed its scrap metal recycling operations at the Sturgis Property.

31. As a result of Sturgis' operations, soil and groundwater at the Sturgis Property has been impacted with VOCs at concentrations exceeding applicable EPA and IDEM standards.

32. The Group has incurred and continues to incur major environmental testing and cleanup costs associated with Sturgis' contamination of the Sturgis Property.

### C. Sturgis' Insurers

33. The Group has identified the following policies Sturgis purchased from the Defendant Insurers which provide coverage for Sturgis' liability relating to the Sturgis Property and the Lusher Site. The Group will provide copies of these policies and/or materials evidencing the existence of these policies to the Defendant Insurers. Each of the Defendant Insurers also may have issued additional policies providing coverage for these claims. The Group is asking the Court for a declaration with respect to each policy that provides coverage for these claims.

34. National Fire sold at least the following policies to Sturgis:

7

  a. C1 31190825, providing CGL coverage from 10/1/1997—10/1/1998; and

  b. L1 31190825, providing CGL coverage from 10/1/1998—7/15/1999.

35. Transportation sold at least the following policy to Sturgis:

  a. L1 31190811, providing umbrella coverage from 10/1/1998—10/1/1999.

36. There is evidence that Transportation sold at least one additional umbrella policy to Sturgis providing coverage from 10/1/1997—10/1/1998.

37. There is evidence that Citizens sold at least one CGL policy to Sturgis providing coverage from 7/15/1999—7/15/2000.

38. There is evidence that Travelers sold at least the following policies to Sturgis:

  a. CU0438218, providing excess liability coverage from 7/15/1999—7/15/2000; and

  b. CU0600096, providing excess liability coverage from 7/15/2000-7/15/2001.

39. There is evidence that Employers sold at least one CGL policy to Sturgis providing coverage from 7/15/2000—7/15/2001.

40. There is evidence that Ohio Casualty sold at least one CGL policy to Sturgis providing coverage from 7/15/2000—7/15/2001.

41. There is evidence that ACE sold at least one CGL policy to Sturgis providing coverage from 7/15/2004—7/15/2005.

42. There is evidence that Granite State sold at least one CGL policy to Sturgis providing coverage from 7/15/2004—7/15/2005.

43. There is evidence that Liberty Mutual sold at least one CGL policy to Sturgis from 7/15/2005—7/15/2006.

44. There is evidence that St. Paul sold at least the following policies to Sturgis:

    a. QK01200785, providing umbrella liability coverage from 7/15/2004—7/15/2005;
    b. QK01300034, providing umbrella liability coverage from 7/15/2005—7/15/2006; and
    c. QI01300174, providing excess liability coverage from 5/24/2006—7/15/2006.

45. There is evidence that Everest sold at least the following policy to Sturgis:

    a. 71G6000009-071, providing coverage from 7/15/2007—7/15/2008.

46. Amerisure sold at least the following policies to Sturgis:

    a. CPP2046809000000, providing CGL coverage from 7/15/2007—4/4/2008; and
    b. CPP2053522000000, providing CGL coverage from 4/4/2008—7/15/2008.

47. There is evidence that Evanston sold at least the following policy to Sturgis:

    a. XOGA258107, providing excess liability coverage from 7/15/2007—7/15/2008.

## V. CLAIM FOR RELIEF

48. The Group incorporates the allegations contained in paragraphs 1 through 47 of this Complaint.

49. The Group seeks a declaration that the Defendant Insurers are obligated to provide insurance coverage, subject to their respective policy limits, for Sturgis' environmental liabilities arising from the Sturgis Property.

50. The insurance policies issued by the Defendant Insurers provide coverage against loss and legal liability for the environmental releases. Such environmental releases constitute either "property damage" caused by an "occurrence" or "personal injury" within the meaning of the policies.

51. The Group is entitled to a declaration that the Defendant Insurers are obligated to provide insurance coverage, subject to their respective policy limits, for Sturgis' environmental liabilities arising from the Sturgis Property.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, the Group asks the Court to:

1. Issue a declaration that the Defendant Insurers are obligated to provide insurance coverage, subject to their respective policy limits, for Sturgis' environmental liabilities arising from the Sturgis Property;

2. Award the Group damages for the costs it has already incurred for environmental testing and cleanup costs; and

3. Award the Group all further appropriate relief.

Respectfully submitted,

/s/ Joanne R. Sommers
Thao T. Nguyen, Atty. No. 25030-71
Plews Shadley Racher & Braun LLP
53732 Generations Drive
South Bend, Indiana 46530
tnguyen@psrb.com
Phone: (317) 273-1010
Fax: (574) 271-2050

Sean M. Hirschten, Atty. No. 29283-49
Joanne R. Sommers, Atty. No. 32740-49
1346 North Delaware Street
Indianapolis, Indiana 46260
shirschten@psrb.com
jsommers@psrb.com
Phone: 317-637-0700
Fax: 317-637-0710

ATTORNEYS FOR PLAINTIFF LUSHER SITE
REMEDIATION GROUP