## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LUSHER SITE REMEDIATION GROUP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD as successor to Transcontinental Insurance Co., TRANSPORTATION INSURANCE CO., CITIZENS INSURANCE CO. OF AMERICA, TRAVELERS INDEMNITY CO., as successor to Gulf Insurance Co., EMPLOYERS INSURANCE CO. OF WAUSAU, ACE PROPERTY AND CASUALTY INSURANCE CO., ST. PAUL FIRE AND MARINE INSURANCE CO., EVEREST NATIONAL INSURANCE CO., AMERISURE MUTUAL INSURANCE CO., and EVANSTON INSURANCE CO. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:18-cv-3785-JRS-DLP |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT

Plaintiff Lusher Site Remediation Group (the "Group"), for its amended

complaint for damages and declaratory relief against Defendants National Fire

Insurance Company of Hartford, as successor to Transcontinental Insurance Co.

("National Fire"), Transportation Insurance Co. ("Transportation"), Citizens

Insurance Company of America ("Citizens"), Travelers Indemnity Co., as successor

to Gulf Insurance Co. ("Travelers"), Employers Insurance Co. of Wausau

("Employers"), ACE Property and Casualty Insurance ("ACE"), Liberty Mutual

Insurance Co. ("Liberty Mutual"), St. Paul Fire and Marine Insurance Co. ("St. Paul"), Everest National Insurance Co. ("Everest"), Amerisure Mutual Insurance Co. ("Amerisure"), and Evanston Insurance Co. ("Evanston") (collectively, the "Defendant Insurers"), alleges and states:

## I.  <u>INTRODUCTION</u>

1.      This is an action for damages and declaratory relief concerning environmental liabilities. The Group seeks damages for environmental testing and cleanup costs it has already incurred, and a judgment declaring that the Defendant Insurers have a duty to indemnify their policyholder Sturgis Iron & Metal Co., Inc. ("Sturgis") under comprehensive general liability ("CGL") primary, excess, and umbrella insurance policies against environmental liabilities arising from Sturgis' ownership of and operations at its property in Elkhart, Indiana (the "Sturgis Property").

## II.  <u>THE PARTIES</u>

2.      The Group consists of the following entities: Anderson Products Inc., B-D Industries, Inc., Elkhart Plating Corp., NFP Holdings, LLC, Gaska Tape Inc., Holland Metal Fab, Inc., and Walerko Tool and Engineering Corp. Anderson Products Inc. is a Minnesota corporation. NFP Holdings, LLC is a limited liability company organized in the State of Tennessee. The remaining Group members are Indiana corporations.

3.    National Fire is an Illinois insurance company doing business in Indiana.

4.    Transportation is an Illinois insurance company doing business in Indiana.

5.    Citizens is a Michigan insurance company doing business in Indiana.

6.    Travelers is a Connecticut insurance company doing business in Indiana.

7.    Employers is a Wisconsin insurance company doing business in Indiana.

8.    ACE is a Pennsylvania insurance company doing business in Indiana.

9.    Liberty Mutual is a Massachusetts insurance company doing business in Indiana.

10.    St. Paul is a Connecticut insurance company doing business in Indiana.

11.    Everest is a New Jersey insurance company doing business in Indiana.

12.    Amerisure is a Michigan insurance company doing business in Indiana.

13.    Evanston is an Illinois insurance company doing business in Indiana.

### III.  JURISDICTION AND VENUE

14.     This Court has jurisdiction over the Defendant Insurers under Trial Rules 4.4(A)(1) and (6) because all of the Defendant Insurers do business in Indiana and are insurance companies currently licensed to do business in Indiana.

15.     Marion County is a preferred venue for this action because National Fire, Transportation, Citizens, Travelers, Employers, ACE, Granite State, Liberty Mutual, St. Paul, Everest, and Amerisure each have registered agents and their principal Indiana office in Marion County.

## IV.  BACKGROUND

### A.  The Lusher Street Groundwater Contamination Superfund Site

18.     The Lusher Site is located in Elkhart, Indiana and occupies approximately 870 acres.

19.     The Lusher Site consists of a groundwater plume contaminated with chlorinated volatile organic compounds ("VOCs"), including tetrachloroethene ("PCE"), trichloroethene ("TCE"), chloroform, 1,1-dichloroethane ("DCA"), vinyl chloride, 1,1,1-trichloroethane ("1,1,1-TCA"), 1,1-dichloroethene ("DCE"), and 1,2-DCE. These VOCs were commonly used as industrial solvents.

20.     Contamination of the Lusher Site was first identified in the 1980s. The United States Environmental Protection Agency ("EPA") and Elkhart County Health Department oversaw extensive investigation and sampling at the Site which confirmed the presence of PCE and TCE concentrations exceeding EPA Maximum Contaminant Levels ("MCLs") for drinking water.

21.     In 1987, EPA conducted a removal action to mitigate immediate threats to human health and the environment posed by groundwater contamination of water wells. The removal action consisted of connecting several homes to a municipal water system and installing filtration systems.

22.     Beginning in 2005, the Indiana Department of Environmental Management ("IDEM") performed sampling activities that revealed chlorinated VOC levels at many private wells within the Lusher Site exceeding the MCLs. EPA began its own investigation before listing the Lusher Site on the National Priorities List ("NPL") in 2008.

23.     During a 2009 Remedial Investigation ("RI"), EPA investigated potential source facilities and evaluated the extent of the groundwater plume and the potential for vapor intrusion. The RI confirmed that TCE, PCE, 1,1-DCA, and chloroform had a complete vapor intrusion pathway. The distribution of chlorinated VOCs suggested several sources of contamination located in or near the southern two-thirds of the plume area.

24.     Due to the complexity of the groundwater contamination and the potential of identifying additional sources for the contamination, EPA is proceeding under a phased approach to the investigation and cleanup of the Lusher Site.

25.     Operable unit 1 ("OU1"), the first phase of the investigation and cleanup, is the contaminated groundwater. The investigation for OU1 was completed in November 2013.

26.     On March 29, 2016, a court approved a Consent Decree finalizing the interim remedy for OU1. The Consent Decree was entered into by EPA, IDEM, and several current owners of property at the Site (n/k/a the Group). One of the parties' objectives in entering into the Consent Decree was to protect public health, welfare, and the environment by the design and implementation of certain response actions at the Lusher Site by the Group. The Group has and continues to perform the interim remedy for OU1.

27.     The interim remedy for OU1 includes: (a) connecting a municipal drinking water supply to properties potentially at risk from contaminated groundwater; and (b) installing a vapor intrusion mitigation system at buildings where vapor intrusion from contaminated groundwater poses an unacceptable risk to human health. The interim remedy is ongoing.

28.     Operable unit 2 ("OU2"), the second phase of the investigation and cleanup, is the source materials for the contaminated groundwater. OU2 has yet to begin.

B.  Sturgis and the Sturgis Property

29.     Sturgis was in the business of providing scrap metal and vehicle recycling services. Sturgis purchased, sorted, processed, and sold ferrous and nonferrous scrap metal. Scrap metal is a by-product of the industrial manufacturing process or is recycled from obsolete goods.

30.    Sturgis purchased and consolidated four separate parcels within the Lusher Site over a twenty year period. These four parcels make up the Sturgis Property. The parcels include (a) the main (unnamed) parcel purchased by Sturgis in 1985; (b) the former Godfrey Marine property purchased by an affiliate of Sturgis in 1997 and by Sturgis in 2005; (c) the former Patrick Industries property purchased by Sturgis in 2004; and (d) the former Elkhart Rubber property purchased by Sturgis in 2005. The Sturgis Property occupies approximately thirteen acres within the southern two-thirds of the Lusher Site. Sturgis performed its scrap metal recycling operations at the Sturgis Property.

31.    As a result of Sturgis' operations, soil and groundwater at the Sturgis Property has been impacted with VOCs at concentrations exceeding applicable EPA and IDEM standards.

32.    The Group has incurred and continues to incur major environmental testing and cleanup costs associated with Sturgis' contamination of the Sturgis Property.

33.    The Group is seeking relief from Sturgis in *Lusher Site Remediation Group v. Sturgis Iron & Metal Co.*, et al., Case No. 3:18-cv-00506 (N.D. Ind.). There, the Group is seeking to hold Sturgis (and other parties) liable under CERCLA, 42 U.S.C. §9601 *et seq.*; the Indiana Environmental Legal Action statute, Ind. Code § 13-30-9-2; and common law claims of negligence, trespass, and private nuisance. At bottom, all of these claims seek to hold Sturgis liable for damage to the soil and

groundwater at the Lusher Site, both on property Sturgis owned, and on property Sturgis did not own. This includes the consequences of that contamination, such as the vapor intrusion work the Group is currently undertaking.

## C. Sturgis' Insurers

34. The Group has identified the following policies Sturgis purchased from the Defendant Insurers which provide coverage for Sturgis' liability relating to the Sturgis Property and the Lusher Site. Each of the Defendant Insurers also may have sold additional policies providing coverage for these claims. The Group is asking the Court for a declaration with respect to each policy that provides coverage for these claims.

35. National Fire sold at least the following policies to Sturgis:

    a. A1 31190825, providing CGL coverage from 10/1/1994-10/1/1995, attached hereto as **Exhibit 1**;

    b. C1 31190825, providing CGL coverage from 10/1/1995-10/1/1996, attached hereto as **Exhibit 2**;

    c. C1 31190825, providing CGL coverage from 10/1/1996-10/1/1997, attached hereto as **Exhibit 3**;

    d. C1 31190825, providing CGL coverage from 10/1/1997—10/1/1998, attached hereto as **Exhibit 4**; and

    e. L1 31190825, providing CGL coverage from 10/1/1998—7/15/1999, attached hereto as **Exhibit 5**.

36. Transportation sold at least the following policies to Sturgis:

    a. A1 31190811, providing umbrella coverage from 10/1/1994—10/1/1995, attached hereto as **Exhibit 6**;

    b. C1 31190811, providing umbrella coverage from 10/1/1995—10/1/1996, attached hereto as **Exhibit 7**;

       c. C1 31190811, providing umbrella coverage from 10/1/1996—10/1/1997, attached hereto as **Exhibit 8**; and

       d. C1 31190811, providing umbrella coverage from 10/1/1997-10/1/1998, attached hereto as **Exhibit 9**;

       e. C1 31190811, providing umbrella coverage from 10/1/1998—10/1/1999, attached hereto as **Exhibit 10**.

37.    Citizens sold at least one CGL policy, 01 CMP 0505182 01, to Sturgis providing coverage from 7/15/1999—7/15/2000, attached hereto as **Exhibit 11**.

38.    Travelers sold at least the following policies to Sturgis:

       a. CU0438218, providing excess liability coverage from 7/15/1999—7/15/2000, attached hereto as **Exhibit 12**; and

       b. CU0600096, providing excess liability coverage from 7/15/2000-7/15/2001, attached hereto as **Exhibit 13**.

39.    Employers sold at least one CGL policy to Sturgis, 0821-00-010721, providing coverage from 7/15/2000—7/15/2001, attached hereto as **Exhibit 14**.

40.    ACE sold at least one CGL policy to Sturgis, D3 59 75 11 1, providing coverage from 7/15/2004—7/15/2005, attached hereto as **Exhibit 15**.

41.    Liberty Mutual sold at least the following CGL policies to Sturgis:

       a. TB2-141-435690-035, providing coverage from 7/15/2005—7/15/2006, attached hereto as **Exhibit 16**;

       b. TB2-141-435690-036, providing coverage from 7/15/2006 – 7/15/2007, attached hereto as **Exhibit 17**

42.    St. Paul sold at least the following policies to Sturgis:

       a. QK01200785, providing umbrella liability coverage from 7/15/2004—7/15/2005, attached hereto as **Exhibit 18**;

       b. QK01300034, providing umbrella liability coverage from 7/15/2005—7/15/2006, attached hereto as **Exhibit 19**;

       c. QI01300174, providing umbrella liability coverage from 5/24/2006—7/15/2006, attached hereto as **Exhibit 20**;

43.     Everest sold at least the following excess liability policies to Sturgis:

    a. 71G6000009-071, providing coverage from 7/15/2006—7/15/2007, attached hereto as **Exhibit 21** and;

    b. 71G6000009-071, providing coverage from 7/15/2007—7/15/2008, attached hereto as **Exhibit 22.**

44.     Amerisure sold at least the following policies to Sturgis:

    a. CPP2046809000000, providing CGL coverage from 7/15/2007—4/4/2008, attached hereto as **Exhibit 23**; and

    b. CPP2053522000000, providing CGL coverage from 4/4/2008—7/15/2008, attached hereto as **Exhibit 24**.

45.     Evanston sold at least the following policy to Sturgis:

    a. XOGA258107, providing excess liability coverage from 7/15/2007—7/15/2008, attached hereto as **Exhibit 25**.

46.     All of these policies provide coverage for the contamination Sturgis caused at the Lusher Site. As an example, Exhibit 1 states that National Fire "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Exhibit 1 at NFICH 38. The contamination Sturgis caused is "property damage" to which the policy applies. The policies also provide "personal injury" coverage. Exhibit 1, again used as an example, states that National Fire "will pay those sums the insured becomes legally obligated to pay as damages because of 'personal injury'…" Exhibit 1 at NFICH 40. Under Indiana law, personal injury coverage applies to environmental contamination.

47.     All of the policies have similar or identical policy language that provides coverage. No exclusions apply.

## V.  CLAIM FOR RELIEF

48.     The Group incorporates the allegations contained in paragraphs 1 through 51 of this Complaint.

49.     The Group seeks a declaration that the Defendant Insurers are obligated to provide insurance coverage, subject to their respective policy limits, for Sturgis' environmental liabilities arising from the Sturgis Property.

50.     The insurance policies issued by the Defendant Insurers provide coverage against loss and legal liability for the environmental releases. Such environmental releases constitute either "property damage" caused by an "occurrence" or "personal injury" within the meaning of the policies.

51.     The Group is entitled to a declaration that the Defendant Insurers are obligated to provide insurance coverage, subject to their respective policy limits, for Sturgis' environmental liabilities arising from the Sturgis Property.

## VI.  PRAYER FOR RELIEF

WHEREFORE, the Group asks the Court to:

1.     Issue a declaration that the Defendant Insurers are obligated to provide insurance coverage, subject to their respective policy limits, for Sturgis' environmental liabilities arising from the Sturgis Property;

11

2.      Award the Group damages for the costs it has already incurred for environmental testing and cleanup costs; and

3.      Award the Group all further appropriate relief.

Respectfully submitted,

PLEWS SHADLEY RACHER & BRAUN LLP

/s/Sean M. Hirschten
Attorneys for the Lusher Site Remediation Group

Thao T. Nguyen, Atty. No. 25030-71
53732 Generations Drive
South Bend, Indiana 46530
tnguyen@psrb.com

Sean M. Hirschten, Atty. No. 29283-49
Joanne R. Sommers, Atty. No. 32740-49
Christopher E. Kozak, Atty. No. P82156
1346 North Delaware Street
Indianapolis, Indiana 46260
shirschten@psrb.com
jsommers@psrb.com
ckozak@psrb.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

*Ace American Insurance Company*
Christopher P. Hemphill
Cohn Baughman & Serlin
333 W. Wacker Dr., Suite 900
Chicago, IL 60606

*Citizens Insurance Company of America*
Shannon L.H. Phillips
Nicole E. Wilinski
Collins Einhorn Farrell PC
4000 Town Center, 9th Floor
Southfield, MI 48075

*Travelers Indemnity Co., as successor to Gulf Insurance Co., and St. Paul Fire and Marine Insurance Co.*
Charles W. Browning
Stephen P. Brown
Lauren B. McMillen
Plunkett Cooney, P.C.
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304

*Liberty Mutual Insurance Company and Employers Insurance Company of Wausau*
Philip E. Kalamaros
Hunt Suedhoff Kalamaros, LLP
301 State Street, P.O. Box 46
Saint Joseph, MI 49085-0046

*Diamond State Insurance Company*
Richard H. Nicolaides
Christopher J. Nadeau
Nicolaides Fink Thorpe Michaelides Sullivan LLP
10 South Wacker Drive, Suite 2100
Chicago, IL 60606

*National Fire Insurance Company of Hartford, as successor to Transcontinental Insurance Co. and Transportation Insurance Company*
Katherine L. Shelby
Cantrell Strenski & Mehringer, LLP
150 West Market Street, Suite 800
Indianapolis, IN 46204
Edward J. Tafe
CNA Coverage Litigation Group
555 12th Street, Suite 600
Oakland, CA 94607

*Amerisure Mutual Insurance Company*
Clinton E. Cameron
Emily A. Golding
Clyde & Co US LLP
55 W. Monroe St., Suite 3000
Chicago, IL 60603

Karl G. Popowics
Goodin Abernathy, LLP
301 East 38th Street
Indianapolis, IN 46205

***Evanston Insurance Company***
Kimbley A. Kearney
Clausen Miller P.C.
200 Commerce Square
Michigan City, Indiana 46360

***Hartford Casualty Insurance
Company***
Wayne S. Karbal
Paul T. Parker
Karbal Cohen Economou Silk &
Dunne, LLC
150 S. Wacker Drive, Suite 1700
Chicago, IL  60606

***Granite State Insurance Company***
Phillip K. Beth
Hinkhouse Williams Walsh LLP
180 N. Stetson Ave., Ste. 3400
Chicago, IL  60601


/s/Sean M. Hirschten