UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LUSHER SITE REMEDIATION GROUP, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:18-cv-03785-JRS-DLP<br>) |
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, et al. | )<br>)<br>) |
| Defendants. | ) |

**Order on Motion to Remand**

Plaintiff Luster Site Remediation Group (the "Group") moves under to 28 U.S.C. § 1447 to remand this action to the Marion County Superior Commercial Court. Defendants oppose the motion.

**Background**

On November 5, 2018, the Group filed a Complaint in the Marion County Superior Commercial Court against several Defendants. The complaint seeks damages and a declaratory judgment that Defendants have a duty to indemnify Sturgis Iron & Metal Co., Inc. ("Sturgis") under comprehensive general liability primary, excess, and umbrella insurance policies issued by Defendants to Sturgis for claims asserted by the Group against Sturgis in a lawsuit in the United States District Court for the Northern District of Indiana, Cause No. 3:18-cv-00506 ("Underlying Lawsuit"). The complaint in the instant action was served on Defendants during the month of November 2018. On December 3, 2018, Defendants filed their Notice of Removal, removing this

action to this district court. There is complete diversity of citizenship among the parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000. The Court's subject-matter jurisdiction is secure. *See* 28 U.S.C. § 1332.

On December 31, 2018, Plaintiff filed its motion to remand. Plaintiff argues that because this action raises novel and complex state-law questions, this Court should exercise its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201, by declining to hear this action and remanding the case to state court even though this federal court has subject-matter jurisdiction. Plaintiff asserts that the Marion County Commercial Court has the expertise to resolve complex coverage cases and that the state court can and should decide Plaintiff's claims. Plaintiff also argues Defendants are engaging in forum shopping by first arguing in the Northern District action that the federal court lacks subject matter jurisdiction and then removing this action to this district court. Defendants respond that the motion to remand should be denied because the Court can remand only if there is a procedural defect in removal, or the federal court lacks subject matter jurisdiction. They also argue that abstention is not a valid reason to remand.

**Discussion**

Under 28 U.S.C. § 1447(c), a party may move to remand "on the basis of any defect other than lack of subject matter jurisdiction" only if the motion is made within 30 days after the filing of the notice of removal. Plaintiff's December 31 motion to remand was timely filed within 30 days of the filing of the December 3 Notice of Removal.

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (citing, among other cases, *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 821 (1976) ("[F]ederal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given them.") (internal quotation omitted)). However, federal courts may decline to exercise their jurisdiction in "exceptional circumstances," for example, where abstention is appropriate. *Id.*

Though Plaintiff's motion does not use the word "abstention," its case citations reveal that abstention is the real basis of its motion. (Pl.'s Mot. Remand 6–8 (citing *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746 (7th Cir. 1987) (holding district court did not abuse its discretion in declining to exercise jurisdiction over declaratory judgment action where infringement action was pending even though former case was filed first); *R.R. St. & Co. v. Vulcan Materials Co.*, 569 F.3d 711 (7th Cir. 2009) (reversing under abstention doctrine dismissal of declaratory judgment claims); *Sta-Rite Indus. v. Allstate Ins. Co.*, 96 F.3d 281, 287 (7th Cir. 1996) ("Given the factors cutting against federal jurisdiction—[including] a more comprehensive parallel state case . . .—the district court would have . . . the discretion . . . to dismiss this case."); *A.G. Edwards & Sons, Inc. v. Publ. Bldg. Comm'n of St. Clair Co., Ill.* 921 F.3d 118, 121 (7th Cir. 1990) (no abuse of discretion "to step aside out of respect for the Illinois court" proceeding); *Wright v. Westport Ins. Corp.*, No. 01 C 50367, 2003 WL 22327064 (N.D. Ill. Oct. 10, 2003) (relying on the *Wilton/Brillhart* abstention doctrine in declining to exercise jurisdiction (see *Wilton v. Seven Falls Co.*, 515 U.S.

277 (1995), and *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942)); *St. Paul Fire & Marine Ins. Co. v. Land Title Servs., Inc.*, 483 F. Supp. 2d 745 (E.D. Wis. 2007) (considering the existence of pending state court proceeding in deciding to abstain in declaratory judgment action)), ECF No. 55; Pl.'s Reply Support Mot. Remand 5 (citing, *e.g.*, *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 378 (7th Cir. 2010) (noting that the perception of parallel proceedings in state court was an appropriate consideration for purposes of the Declaratory Judgment Act and abstention doctrines)), ECF No. 79.) Indeed, Plaintiff directs the Court to a three-part test to guide the determination of whether it should decline to exercise jurisdiction over a declaratory judgment action, and the first part of the test is "whether there is a parallel state court proceeding." (Pl.'s Mot. Remand 6–7, ECF No. 55.) Here, however, there is no pending parallel state court proceeding in Marion County Commercial Court in favor of which this Court could abstain. Furthermore, this Court does not find the *Wright* court's decision to rely on abstention in the absence of a pending state court proceeding to be persuasive. In declining to exercise its jurisdiction, *Wright* ostensibly relied on *Nationwide Insurance v. Zavalis*, 52 F.3d 689 (7th Cir. 1995), but nothing in *Zavalis* suggests abstention would be appropriate absent a pending parallel state court proceeding.

Moreover, while this action may raise novel and complex issues of state law, and the Marion County Commercial Court may have expertise to resolve complex commercial cases, this Court is also capable of deciding novel and complex state law issues. Further, in arguing that the Underlying Lawsuit presented novel and complex

state law issues, Defendants were asserting a consideration against the exercise of supplemental jurisdiction under 28 U.S.C. § 1367(c) over the claims against them. There is a meaningful difference here: This Court has original jurisdiction over this action founded on diversity jurisdiction under 28 U.S.C. § 1332(a).

For the foregoing reasons, Plaintiff's Motion to Remand (ECF No. 55) is **denied**.

**SO ORDERED.**

Date: 8/14/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to all parties
of record via CM/ECF.