UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LUSHER SITE REMEDIATION GROUP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-03785-JRS-DLP |
| | ) |
| NATIONAL FIRE INSURANCE COM-PANY OF HARTFORD, as successor to Transcontinental Insurance Co., et al., | ) ) ) |
| | ) |
| Defendants. | ) |

**Entry**

Plaintiff Lusher Site Remediation Group (the "Group") brought this action against Defendant insurance companies (collectively the "Insurers") for damages and a declaratory judgment that the Insurers have a duty to indemnify Sturgis Iron & Metal Co., Inc. ("Sturgis") under certain insurance policies. The Group brought claims against Sturgis and others under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9601, as amended by the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499, 100 Stat. 1613, in the United States District Court for the Northern District of Indiana, Cause No. 3:18-cv-00506 (the "Environmental Action"). On February 28, 2020, this Court granted motions to enforce a default judgment entered against Sturgis in *Amerisure Mutual Insurance Company v. Sturgis Iron & Metal Co.*, Case No. 2018-169816-CB (Mich. Cir. Ct. Oakland Cnty.) ("the Michigan Action") and to dismiss the Amended

Complaint with prejudice for failure to state a claim upon which relief can be granted. On March 27, 2020, final judgment was entered.

On April 24, 2020, the Group timely filed Plaintiff's Motion to Alter or Amend Judgment. On October 1, 2020, the Group filed Plaintiff's Motion to Stay Pending Outcome of Action in Northern District. That motion asserts that on August 21, 2020, Sturgis was dismissed from the Environmental Action because Sturgis is a dissolved corporation and not capable of being sued. The Environmental Action proceeds against other defendants, and no final judgment has been entered. Nonetheless, the Group intends to appeal Sturgis's dismissal. The Group argues that this action will become moot if Sturgis's dismissal is not reconsidered or reversed on appeal.

The Court issued an entry directing the parties to provide position statements on the issue of whether the Group's claims in this case are ripe. (ECF No. 197.) The parties have done so. Having further considered the matter, the Court finds that the Group's claims are ripe and the Court has jurisdiction over this actual, concrete conflict between the parties.

## I. Jurisdiction

The first matter to address is this Court's jurisdiction. Briefing on the motion to stay caused the Court to question whether the Group's claims in this action are ripe. Up until that time, no party to this litigation had questioned ripeness. The parties have filed their positions statements, and the Court is reassured of its jurisdiction: the Group's claims are indeed ripe.

Article III of the United States Constitution limits a federal court's jurisdiction to "actual cases or controversies." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 860 (7th Cir. 2018). A declaratory judgment action is ripe and justiciable under Article III when "'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 377 (7th Cir. 2019) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)); *see also Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003) ("Whether a dispute has reached the stage at which a declaratory judgment under 28 U.S.C. § 2201 is appropriate is a question of federal practice.").

In questioning ripeness, the Court cited to *Medical Assurance Company, Inc. v. Hellman*, 610 F.3d 371, 375 (7th Cir. 2010), for the rule that a duty-to-indemnify claim is not ripe until the insured's underlying liability is established. But this is a general rule and Indiana recognizes an exception. *See Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 680 (7th Cir. 1992); *Sanyo N. Am. Corp. v. Absocold Corp.*, No. 1:06-cv-0405-LJM-WTL, 2008 WL 656044, at *4 (S.D. Ind. March 6, 2008) (holding third party's declaratory judgment action against insurer and the insured regarding prospective indemnity obligations was not premature and non-justiciable); *Selective Ins. Co. of Se. v. Cagnoni Dev., LLC*, No. 1:06-cv-0760-DFH-TAB, 2008 WL 126950, at *5 (S.D. Ind. Jan. 10, 2008) ("Under Indiana law, an insurer or a third party may file a declaratory judgment action to clarify the insurer's coverage

3

obligations with respect to a loss by a policy holder . . . before the underlying claim against the policy holder has been resolved[.]").

In *Bankers Trust*, the Seventh Circuit held that an actual controversy existed between a third-party claimant and an insurer regarding the insurer's duty to indemnify the insured even though the insured's underlying liability had not yet been determined. *Id.* at 681. The court stated that "Article III requires only a 'probabilistic injury'" and found a sufficient probability that the insured would be held liable for an amount that it could not afford. *Id.* The possibility that the insured would have no underlying liability and the claimant's suit for a declaration of a duty to indemnify would become moot did not "take[ ] the case out of Article III's grant of jurisdiction over cases and controversies." *Id.*

As in *Bankers Trust*, the Group has demonstrated a "probabilistic injury." The Group seeks damages from Sturgis in the Environmental Action. Though Sturgis has been dismissed from that action, no final judgment has been entered. The Group intends to appeal the dismissal, and Sturgis ultimately could be found liable for damages it could not pay—Sturgis no longer exists. And the Insurers dispute their liability for indemnification. Therefore, the instant action is ripe. As in *Bankers Trust*, the possibility that Sturgis will have no liability and thus moot the instant action does not remove this case from the Court's jurisdiction. *See id.* This action presents a ripe case or controversy and the Court has subject-matter jurisdiction. Having assured itself of jurisdiction, the Court turns to the Group's motion to stay.

## II.  Motion to Stay

In seeking a stay, the Group argues that if the Seventh Circuit agrees that Sturgis is not capable of being sued, then "the Group will have no claim against the Insurers for Sturgis' liability, because Sturgis will not have any liability." (Motion to Stay ¶ 4, ECF No. 190.)  Consequently, "all litigation in this action will be moot." (*Id.* ¶ 6.) The Group seeks a stay until thirty days after a decision from the Seventh Circuit on whether Sturgis can be sued in the Environmental Action.

The Insurers respond that (1) a stay would be futile since nothing that occurs in the Northern District action will affect the judgment in this case, and (2) a stay would undermine judicial economy and deny them the finality of the judgment.  The Insurers do not dispute that this instant action would become moot if the Seventh Circuit upholds the determination that Sturgis is not capable of being sued.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  In deciding whether to grant a stay, the district court should consider: (1) "whether a stay will unduly prejudice or tactically disadvantage the non-moving party;" (2) "whether a stay will simplify the issues in question and streamline the trial;" and (3) "whether a stay will reduce the burden of litigation on the parties and on the court." *Amli Mgmt. Co. v. Nexus Valve, Inc.*, No. 1:20-cv-02034-JMS-MJD, 2020 WL 7239215, at *3 (S.D. Ind. Dec. 9, 2020) (quotation and citation omitted).  The party seeking a stay bears the burden of showing the need for a stay. *Clinton*, 520 U.S. at 708.

The Group has not shown that a stay is warranted. While a stay would relieve the parties of continuing to litigate this action, whether here in the district court or on appeal, the prejudice to the Insurers outweighs any benefits to be obtained by halting these proceedings now. Final judgment in this action was entered one year ago. A stay would prejudice the Insurers by denying them the finality of that judgment. Any delay in adjudicating this action costs the Insurers "much-needed certainty." *See Northfield Ins. Co. v. City of Waukegan*, 701 F.3d 1124, 1133 (7th Cir. 2012) (holding no abuse of discretion in denying stay of insurer's declaratory judgment action as to duty to defend and indemnify insureds pending resolution of criminal case underlying third party's claims against the insureds).

Although Sturgis has been dismissed from the Environmental Action, that order is not yet a final, appealable judgment. In the alternative, the Group sought certification under 28 U.S.C. § 1292(b) of Sturgis's dismissal. There is no guarantee that the court in the Environmental Action would enter a Rule 54(b) judgment or that the Seventh Circuit would exercise its discretion to permit an appeal under § 1292(b). And if Sturgis's dismissal were reversed on appeal, the Group would persist in seeking to obtain coverage from the Insurers in this action. Resolution of the Environmental Action could stretch several more years. Furthermore, whether Sturgis can be sued does not affect the Insurer's entitlement to enforce the judgment in the Michigan Action that there is no coverage for Sturgis or Lusher under the insurance policies at issue for the Group's claims against Sturgis in the Environmental Action.

Finally, the Group chose to file this action against the Insurers only four months after the Group filed the Environmental Action. Thus, the Group chose to litigate the Insurer's liability under the insurance policies before any determination was made on Sturgis's liability for environmental contamination. If the Group had wished to obtain a determination as to Sturgis's liability before proceeding against the Insurers, it could have waited to bring this action. The Group should not complain about the burden of litigation when it is the Group that brought this action. The motion to stay is therefore denied.

### III. Motion to Reconsider

The Group moves the Court under Federal Rule of Civil Procedure 59(e) to reconsider its Judgment entered March 27, 2020. (ECF No. 177) Rule 59(e) permits "a party to bring to the district court's attention a manifest error of fact or law so that it may correct, or at least address, the error in the first instance." *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020). A "manifest error" means a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). The rule "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *A&C Constr. & Installation*, 963 F.3d at 709 (quoting *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)).

The Group urges the Court to reconsider its ruling on several grounds: (1) the Group's claim against the Insurers could not have been decided in the Michigan

Action because the court refused to decide it and thus the default judgment against Sturgis cannot be the basis for *res judicata* here; (2) the Group did not waive its opposition to Amerisure's "stand in the shoes" argument and the doctrine does not apply; (3) collateral estoppel is inapplicable and this Court erred in reading *Wilcox v. Sealey*, 346 N.W.2d 889 (Mich. App. 1984) broadly and in reading *Allstate Ins. Co. v. Hayes*, 499 N.W.2d 743 (Mich. 1993), narrowly. The Group also maintains that if Sturgis lacks the capacity to be sued, as was argued (and decided) in the Environmental Action, then Sturgis could not be sued by the Insurers in the Michigan Action and the default judgment was improperly obtained. All of these arguments, except as to waiver of any opposition to Amerisure's "stand in the shoes" argument, are arguments that could have and should have been presented to the Court before entry of judgment. Most of them were. And the Group's arguments about the applicability of Michigan law to preclusion issues simply did not address Amerisure's alternative grounds for dismissal, which were based on Indiana substantive law.[1] The Motion to Alter or Amend Judgment is accordingly denied.

## Conclusion

The Motion to Stay (ECF No. 190) and the Motion to Alter or Amend Judgment (ECF No. 177) are **denied**.

**SO ORDERED.**

---

[1] The Group's brief in response to the Insurer's motion to dismiss does not contain the phrase "stand in the shoes" and does not mention the authorities such as *Wolverine Mutual Insurance Co. v.* Vance, 325 F.3d 939 (7th Cir. 2003), which Amerisure cited in support of its argument. (*See* Pl.'s Resp. Opp'n Mot. Dismiss, ECF No. 148.)

8

Date: 3/23/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to all registered counsel of record.